## SLIM JORDAN V. THE STATE.

No. 20224. Delivered February 22, 1939.

The opinion states the case.

*James F. DeLoney*, of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is unlawful transportation of intoxicating liquor in dry area. The punishment assessed is a fine of $100.00.

It appears from the testimony offered by the State that on the night of May 25, 1938, while W. O. Strode and Park Spurgeon, two policemen of the town of Nacogdoches, were patroling the streets, they noticed a car traveling at a high rate of speed on Powers Street. They followed it and signalled for it to stop, but the driver declined to do so. They chased it into Logansport Road in an effort to overtake it and fired their pistols several times, but this only served to make the automobile increase its speed. As the car was going down a hill on the Logansport Road, appellant jumped out of the car and fell upon the ground, seriously injuring himself. When the officers reached him, he was unconscious. The party who was driving the pursued car drove on down the road about a hundred yards and abandoned it. The officers searched the car but found no whisky in it. The next morning, however, they found a keg containing about five gallons of whisky in a creek a short distance from where the car had been abandoned. They noticed that the keg had been rolled down into the water. The officers carried appellant to his home and arrested his companion, S. B. Weatherly, a few hours later.

Appellant testified that on the night in question, he had stayed up with a corpse until two-thirty a. m. and then started home. On Taylor Avenue, Weatherly overtook him and asked him to get into the car, telling him he would take him home. When they entered upon King Street, they noticed an automobile following them. The car kept gaining on them and he asked Weatherly to stop and let him out, but he declined to do so. When they entered upon the Logansport Road, the officers began shooting, which frightened him and he jumped out of the car, breaking his collar bone, knocking his shoulder down, and rendering him unconscious until the following morning about 7 a. m. That he did not tell the officer, Strode, that he and Weatherly got the whisky from an old man who had the palsy, nor did he know there was any whisky in the car. He also testified that he did not remember having any conversation whatsoever with the officers.

It will be noted that the state's case depended entirely upon circumstantial evidence.

There is but one objection to the admission of testimony, which is qualified by the trial judge and as qualified fails to reflect reversible error.

The other bill in the record relates to the following remarks made by the county attorney in his closing argument to the jury: "I want to show you how unfair the attorney for the defendant has been in the trial of this case. He did not even give me a chance to bring out defendant's general reputation; and yet he ** says ** his general reputation stands unimpeached. Why didn't he give me a chance to prove his general reputation? * * I am now willing to have the matter of defendant's reputation gone into."

Immediately after having made the above remarks, the county attorney offered to reopen the case for the purpose of proving the general reputation of appellant, and called witnesses for such purpose, who filed into the courtroom.

Appellant objected to said argument and conduct on the part of the county attorney on the ground that it was highly prejudicial to him; that his general reputation had not been put in issue; that the remarks and conduct was an imputation that his general reputation was bad. The objection was overruled by the court and appellant asked the court to declare a mistrial and impanel another jury which the court declined to do. The court, however, instructed the jury not to consider the remarks of the county attorney.

It occurs to us that even if the remarks of the county attorney to the effect that appellant would not give him a chance to bring out his general reputation should be held by us to be in reply to argument of appellant's attorney, yet his act in asking permission to reopen the case for the purpose of proving appellant's general bad reputation, and the calling of witnesses into the courtroom for such purpose, was unfair and of such prejudicial nature as to require a reversal of this case. Everyone accused of an offense is entitled to a fair trial according to the express provisions of the law. This, in our opinion, was not accorded to appellant.

For the error discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.